BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

SEI INSIEME LCC,

Case No.  22-11670 (JPM)
Chapter 11

Debtor

-----------------------------------------------------------x

# DEBTOR'S MOTION FOR AN ORDER GRANTING INJUNCTIVE RELIEF OF A TEMPORARY RESTRAINING ORDER

BRONSON LAW OFFICES, P.C. (the "Firm") on behalf of SEI INSIEME LLC, the above-referenced debtor and debtor in possession (the "Debtor"), requests entry of a temporary restraining order (hereafter "TRO") consistent with the form of order filed with this motion (the "Motion"). In summary terms, the Debtor seeks entry of an order that would stay the sale of the properties; and enjoin the Referee proceeding with the public auction unless and until such time as the Court determines the automatic stay should be found not applicable or lifted by Order of this Court with respect to the properties described as 307/307-A Sixth Avenue, New York, NY (Block: 589; Lot 40) and 309 Sixth Avenue, New York, NY (Block: 589; Lot: 39) (the "Properties"):

## JURISDICTION AND VENUE

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND AND FACTS

1. SEI INSIEME LLC., is the debtor and remains debtor-in-possession. To date, no trustee, examiner or statutory creditors' committee has been appointed in the Debtor's chapter 11 case.

2. Debtor remains debtor-in-possession pursuant to 11 U.S.C.§§ 1107 and 1108.

3. The Debtor holds a second mortgage secured by the Properties.

4. The Debtor has also used this second mortgage interest as part of the collateral for another loan pursuant to a collateral assignment to The Galinn Fund LLC which is attached hereto as "**Exhibit A**".

5. The holder of the first mortgage on the Properties, 307-309 SIXTH AVENUE LLC, has brought a foreclosure action in the Supreme Court of the County of New York at Index No. 850138/2020 and obtained a Judgement of Foreclosure and sale dated June 1, 2022 and entered on June 6, 2022.

6. There is a foreclosure sale scheduled for December 14, 2022 at 2:15 p.m., the Notice of Sale is attached hereto as "**Exhibit B**".

7. On December 13, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

8. After the Debtor filed the chapter 11 case the Debtor sent notice of the filing and requested the sale be stopped. Counsel then talked with the appointed Referee, Bruce Lederman, Esq., also, subsequently Plaintiff's counsel and was advised that the sale would proceed as it was his determination that the automatic stay did not apply.

9. As outlined in the attached affidavit of H. Bruce Bronson, "**Exhibit C**", the second mortgage is property of the estate and central to the reorganization of the Debtor.

10. Under the circumstances, the Debtor respectfully submits that expedited, ex-parte, consideration of this matter is necessary and appropriate.

11. Entering the Order to Show Cause will allow the Debtor to preserve the property of the estate and succeed in reorganization under chapter 11.

12. The Debtor will immediately e-mail a copy of this Motion with exhibits and Proposed Order to Show Cause on the Referee, counsel for the first mortgage and the first mortgage holder:

307-309 Sixth Avenue LLC
c/o Schneider Law Group PLLC
150 Broadway Rm 900
New York, NY 10038
info@wzslaw.com

Jacobwitz Newman Tversky LLP
Aviva Francis
377 Pearsall Street
Cedarhurst, NY 11516

10

afrancis@jntlllp.com

Bruce Lederman Esq., Referee
Lederman.Bruce@gmail.com

13. Accordingly, the Debtor respectfully requests that the Court enter an order, in the form attached hereto staying any sale of the Properties, and grant such relief as this Court deems just and proper.

14. This relief is requested pursuant to Rule 65 of the Federal Rules of Civil Procedure, which is applicable to this as a contested matter pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure.

## THE SECOND CIRCUIT STANDARD FOR GRANTING A TRO

The standard for entry of a TRO is the same as for a preliminary injunction. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (citations omitted). A party seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent relief; (3) that the balance of equities weighs in its favor; and (4) that an injunction is in the public interest. *Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 188, n.2 (2d Cir. 2019) (*citing Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249(2008)). Each of these factors weighs in favor of the Debtor and granting the temporary restraining order requested by this Motion.

While the Debtor's believes it will show a likelihood of success herein, this circuit's long-established standard for the entry of a preliminary injunction only requires the movant to show "irreparable harm absent injunctive relief, and *either* a likelihood of success on the merits, *or* a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor. *See*

*Citigroup Global Mkts. Inc. v. VCG Special Opportunities Master Fund Ltd.*, No. 08-cv-5520, 2008 U.S. Dist. LEXIS 92043, 2008 WL 4891229, at *2 (S.D.N.Y. Nov. 12, 2008) (*quoting Almontaser v. N.Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008))(emphasis added). Thus, unlike in *Cosi* this is a conjunctive test and the court can determine there is ground for TRO where there is a serious question going to the merits.

## LEGAL ARGUMENT

1. **The Debtor Will Succeed on the Merits Because the Second Mortgage is Property of the Estate.**

It is well settled that mortgages are property of the estate. "[T]his interest constitutes "property" within the meaning of Sections 111 and 148 of the Bankruptcy Act, as "property" can constitute something other than fee ownership. *In re Westec Corp.*, 460 F.2d 1139, 1143 (5th Cir. 1972) *Texas Company v. Hauptman* (9 Cir. 1937), 91 F.2d 449. *See also United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9, 103 S. Ct. 2309, 76 L. Ed. 2d 515 (1983) ( "The scope of this paragraph [§ 541(a)(1)] is broad. It includes all kinds of property, including tangible or intangible property, causes of action . . . and all other forms of property . . . .") (citing legislative history of Section 541). The power of the reorganization court over the "estates of bankrupts and the determination of controversies in relation thereto" exists though the debtor does not have title to the property in question. *In re International Power Securities Cor.*, 170 F.2d at 402; *In re Burton Coal Co.*, 126 F.2d 447 (7th Cir. 1942); *In re Imperial "400" Nat., Inc.*, 429 F.2d 671, 677 (3d Cir. 1970) (The court noted that the Debtor had the power to transfer its property interest which made it distinguishable from real estate owned by a partner.).

[T]he second lien interest of the Debtor in that property **is** a property interest worthy of recognition and protection. Thus, Section 362

10

> applies to automatically stay the foreclosure proceedings. The foreclosure proceedings could have the effect of extinguishing the Debtor's second lien interest. The foreclosure proceedings would constitute an exercise of control over property of the estate, pursuant to Bankruptcy Code Section 362(a)(3). The court recognizes that the automatic stay is generally a tool to stop **creditor** collection efforts, and Conseco is not a creditor of this Debtor. However, Section 362(a) is worded to prevent "all entities" (not merely creditors) from engaging in certain acts including "an act . . . to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Clearly, Section 362(a)(3) is intended to prevent dismemberment of the estate and allow a breathing spell for a debtor-in-possession.

*In re Three Strokes Ltd. P'ship*, 397 B.R. 804, 807 (Bankr. N.D. Tex. 2008).

Accordingly, the Debtor has support for its claim that it will prevail on this Motion.

### 2. The Debtor Will Suffer Irreparable Harm if The Properties Are Sold.

The second mortgage is the Debtor's main asset. It has leveraged this asset and it is its central means for reorganization. Thus, the sale of the Properties will not only remove this asset from the Debtor's bankruptcy estate it will extinguish not only its value but the value of other interests of the Debtor and cause potential recourse against the the Debtor in connection with its use as collateral.

### 3. The Balance of the Equities Favor a Stay of the Sale

If the sale proceeds the Debtor's relief will be rendered moot. If the sale is stayed and the Court determines that the first mortgage holder is entitled to proceed with the sale the first mortgage holder will not lose anything and will only be temporarily delayed in its sale of the Properties. Accordingly, the balance of the equities favor the stay.

### 4. Injunction Is In The Public Interest

The public interest is served by upholding the purpose of the Bankruptcy Code in general in helping honest but unfortunate debtors. Additionally, it is in the public interest to promote the specific purpose of 11 U.S.C. §362(d)(2)(B) for this Court to determine

that the automatic stay applies and consider the issues of equity and the reorganization prospects. *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 808 F.2d 363, 370-71 (5th Cir. 1987), aff'd, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988) ("Courts have consistently construed [Section] 362(d)(2)(B) to require a showing by the debtor that there is a reasonable possibility of a successful reorganization within a reasonable time. The mere indispensability of the property to the debtor's survival and the debtor's hopes of reorganization are insufficient to justify continuation of the stay when reorganization is not reasonably possible.").

WHEREFORE, the Debtor respectfully requests that the Court enter an order, in the form attached hereto, demanding release of funds to the Debtor, and grant such relief as this Court deems just and proper.

Dated: Harrison, NY
December 14, 2022

**BRONSON LAW OFFICES, P.C.**

/s/ *H. Bruce Bronson*
H. Bruce Bronson, Esq.