BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Case No. 22-11670 (JPM) |
| SEI INSIEME LLC, | Chapter 11 |
| Debtor. | |

-----------------------------------------------------------x

**DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF WESTCHESTER     )

I, William G. Rainero, declare under penalty of perjury as follows:

1. I am a managing member of Sei Insieme, LLC (the "**Debtor**").

2. I am filing this declaration in support of the bankruptcy filing of Debtor, pursuant to local bankruptcy rule 1007-2.

3. The Debtor was formed March 6, 2012, for the purpose of owning 307 and 309 Sixth Avenue, New York, NY (the "**Properties**") with its sister company Cin Cin LLC ("**Cin Cin**").

4. The Properties were sold on or about August 4, 2017, by the Debtor and Cin Cin to 307 Assets LLC (the "**307-309 Purchaser**"), an unrelated company for $17,000,000. In order

to finance its purchase 307-309 Purchaser borrowed approximately $8 million dollars of funds (the "**Senior Secured Loan**") from Creif 135 LLC which purportedly was assigned to 307-309 Sixth Avenue, LLC ("**Senior Lender**") and Debtor and Cin Cin took back a purchase money mortgage in the amount of $5,000,000 (the "**Purchase Money Mortgage**").

5. Debtor and its affiliates in an unrelated transaction borrowed money from The Galinn Fund LLC, and as part of that transaction collaterally assigned the Purchase Money Mortgage.

6. 307-309 Purchaser defaulted on the Senior Secured Loan and the Secured Lender began a foreclosure action.

7. The Galinn Fund, LLC did not oppose the foreclosure and defaulted. Debtor never received service in the foreclosure action despite having a clear interest in the Purchase Money Mortgage and the Properties.

8. Debtor, in order to protect its interest in the Purchase Money Mortgage and the Properties filed for chapter 11 bankruptcy a day before the sale date.

9. The Senior Secured Lender and the appointed referee refused to stop the sale and Debtor was forced to bring a motion for a restraining order.

10. The Bankruptcy Court granted the restraining order on a temporary basis with a hearing set for January 25, 2022, at 10:00 a.m.

11. I submit this declaration in accordance with Local Bankruptcy Rule 1007-2 (the "**Declaration**"), on behalf of the Debtor in connection with its petition, exhibits and schedules filed, or to be filed in its Chapter 11 bankruptcy, for the purpose of apprising the Court and parties in interest of the circumstances that compelled the commencement

of this case and in support of (i) Debtor's chapter 11 petition filed on December 13, 2022 (the "**Petition**"), and (ii) the motions and applications that the Debtor has filed, or will file, with the Court.

12. The Debtor has not previously filed a Chapter 11 Petition.

13. I have reviewed the Debtor's Petition, schedules, exhibits and all documents filed in connection therewith, and I am familiar with the facts alleged and any relief requested therein.

14. All facts set forth in this Declaration are based upon my:(i) personal knowledge; (ii) review of relevant documents; and (iii) opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this Declaration is on an estimated and unaudited basis, unless otherwise indicated.

## BACKGROUND OF THE DEBTOR AND IT'S BUSINESS

**a. Debtor's business and circumstances leading to the Debtor's filing. LR 1007-2(a)(1)**

15. The Debtor was formed under the laws of the State of New York on March 6, 2012, for the purpose of owning the Properties.

16. The Debtor believes that it can recover some or all of its Purchase Money Mortgage if there is a fair sale of the Properties.

## DEBTOR'S DEBT, CAPITAL STRUCTURE AND MANAGEMENT

17. 80 West Washington Place Real Estate Holdings, LLC, an affiliated entity owning property at 80 W. Washington Place, NY, NY ("80 West") borrowed approximately $6,950,000 from The Galinn Fund LLC (the "Galinn Fund") and as part of that loan the Debtor collaterally assigned the Purchase Money Mortgage to the Galinn Fund; however,

Debtor remains the owner of the Purchase Money Mortgage as it was only assigned for collateral purposes, and other properties secured the Galinn Fund's loan.

18. The Debtor is owned and operated by the Rainero family and the undersigned is a managing member of Debtor.

19. Debtor has no employees.

## OBJECTIVES OF THE CHAPTER 11 CASE.

20. The Debtor intends to reacquire the Properties by buying out the Senior Secured Mortgage or alternatively, ensuring that there is a fair private sale or auction of the Property in the bankruptcy.

21. Debtor believes if it can have a respite from the sale it can put its financial plan together and reorganize within a relatively short period of time.

**b. LR 1007-2(a)(2)**

22. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**c. Committees Organized Prior to Filing. LR 1007-2(a)(3)**

23. No creditor's committee has been formed to date.

**d. Holders of 20 Largest Unsecured Claims. LR 1007-(2)(a)(4)**

24. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 USC Section 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 USC Section 101(31) are annexed hereto as **Exhibit "A"**.

**e. Holders of the five largest Secured Claims. LR 1007-(2)(a)(5).**

25. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit "B"**.

**f. Schedule of Assets and Liabilities. LR 1007-(2)(a)(6).**

26. As required by Local Bankruptcy Rule 1007-2(a)(6), unaudited schedules of the Debtor's assets and liabilities are annexed hereto as **Exhibit "C"**

**g. Publicly Held Securities. LR 1007-(2)(a)(7).**

27. No shares of stock, debentures, or other securities of the Debtor are publicly held.

**h. Debtor's Premises. LR 1007-(2)(a)(9).**

28. The Debtor operates from 80 Washington Avenue, New York, NY.

**i. Location of Debtors' Assets and Books and Records. LR 1007-(2) (a)(10).**

29. The Debtor's assets and books and records are located at: 80 Washington Aveune, New York, NY

**j. Threatened or Pending Actions against Debtor. LR 1007-(2)(a)(11).**

30. There are currently no actions pending against Debtor:

**k. Debtor's Senior Management. LR 1007-(2)(a)(12).**

31. The Debtor's senior management is William Rainero, the managing member.

**l. Additional Information if Business is to Continue. LR 1007-(2)(b)(1) and (2).**

32. The Debtor needs to secure financing or a financial partner so that it can develop the Properties.

**m. Estimated Schedule of cash receipts and disbursements for 30 days. LR 1007-(2) (b) (3).**

33. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition is $0.

**n. Conclusion**

34. The Debtor submits that it has the requisite components to formulate a confirmable and feasible liquidation plan.

35. The Debtor believes it is in the best interests of all its creditors that it be afforded an opportunity to reorganize pursuant to Chapter 11.

Pursuant to 28 USC section 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

**Dated: December 30, 2022**

/s/ William Rainero
Managing Member

# EXHIBIT A

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

**Rodriguez-McCloskey PLLC**
**32 Court St, Ste 2101**
**Brooklyn, NY 11201-4440**                                                                 **$8,000**

# EXHIBIT B

## FIVE LARGEST SECURED CREDITORS

**The Galinn Fund LLC**
**399 Knollwood Road**
**White Plains, NY 10603-1931**                                      **$5,000,000\***

**\* This claim is a collateral claim that encumbers other property as well as the Debtor's assets. Debtor would be liable for an amount up to $5,000,000, but to the extent that other assets or guarantees satisfy the claim of the creditor, the amount would be reduced.**

# EXHIBIT C

**The following chart is based on the Debtor's principal best estimate as to values and liabilities.**

**Assets**: $5,000,000 Purchase Money Mortgage (plus interest).

**Liabilities:** Up to $5,000,000, plus interest based on the collateral assignment of the Purchase Money Mortgage.

**Net Value**: The net value is contingent on the amount of the liability that is actually owed to the creditor after payment by other obligors and guaranators.